NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 14, 2022
Decided September 19, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 21-2893 <br><br> UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> WILLIAM HAYSLETTE, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:16-CR-00463(15) <br><br> Virginia M. Kendall, *Judge.* |

**O R D E R**

William Hayslette pleaded guilty to two racketeering crimes, 18 U.S.C. §§ 1959, 1962, and was sentenced to 360 months' imprisonment, the low end of the range calculated under the Sentencing Guidelines. Hayslette concedes that his substantive offenses as a member of the Latin Kings gang, offenses that serve as predicate acts for the RICO convictions, include murder, arson, and witness intimidation. His sole argument on appeal is that the judge should have given him a sentence below the range recommended by the Sentencing Commission. (His brief contains some additional contentions, which were withdrawn at oral argument.)

Hayslette contends that he joined the gang while young and believed that membership was his best means of accommodating the circumstances in his neighborhood. The district judge replied that this may well be so, but that he remains responsible for acts voluntarily undertaken as a member. Instead of trying to stop the gang's activities, he participated enthusiastically and violently. (When another member *did* try to stop the gang, Hayslette responded with arson and other efforts to injure the defector's friends and family.)

The oral argument presented in this court on Hayslette's behalf was essentially a plea for mercy, replicating the argument made to the district judge. The question for an appellate panel, however, is not what sentence we would have imposed, but whether the sentence the district judge did impose is reasonable. *Rita v. United States*, 551 U.S. 338 (2007). That the sentence is within a properly determined range supports a presumption of reasonableness. See *Rita*, 551 U.S. at 347–56; *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). The district judge addressed all of Hayslette's principal arguments in mitigation; we do not perceive any important point that was overlooked. It follows that the sentence must be

AFFIRMED.